OveRTON, J.
 

 delivered the following resolution of the Court. By the proof it appears that on running the divisional line agreeably to the partition, the spring will fall six poles'within the eastern half; but there is no evidence that the defendant or his agent represented the spring would be within the western division, nor is there any proof of conversations or facts tending to show that the defendant or his agent knew the spring would not fall in that division.
 

 Under the circumstances of this case the Court cannot perceive that there is any ground upon which the complainant can be relieved. Mr. Randal M’Gavock who assisted in drawing the deeds of partition, testifies that David M’Gavock who acted as the agent of the defendant said nothing respecting the spring until after the deeds were executed, when the complainant asked him what he would do for water ? He replied that if he could not get it otherwise he must dig for it. The testimony of Daniel Perkins though somewhat variant from this in some immaterial circumstances does not show that the defendant or his agent represented the spring as lying in the western division, nor does he state any facts from which a fair inference can be drawn that it was known to one or both of them where the spring was situated. From the proof we have not a doubt but that the complainant at the time of the partition took up an idea the spring would fall within the western division, but it is equally clear that the defendant or his agent had no agency in producing this impression.
 

 Previously to the partition the complainant and defendant had run and measured the lines of the whole tract. They then went to the spring and ran from thence until they came to the south boundary, where they stopped. For aught the Court can perceive the complainant had as good an opportunity of ascertaining the true situation of the spring as the defendant or his agent.
 

 Had there been proof that the defendant or his agent knew the spring would fall within the eastern division and concealed the knowledge from the complainant at the time the partition was made, the Court would not
 
 *318
 
 have hesitated to afford relief, holding it to be a sound principle of equity that each party to a contract is bound to disclose to the other all he may know respecting the subject-matter materially affecting a correct view of it, unless common observation would baye furnished the information. Not disclosing facts within the knowledge of one and not the other, would in equity be esteemed a. concealment which is both immoral and unjust. There is, however, no proof of concealment in this case; and as the complainant acted upon his own judgment he must abide by the consequences.
 

 Haywood, for the complainant.
 

 Dickinson,
 
 for the defendant.